EDUARDO LUGO FALCÓN, Plaintiff and Appellant, *v.* E. M. AMY & SONS, INC., Defendant and Appellee.

No. 420. Decided March 1, 1963.

*G. R. Padró Díaz* for appellant.　*F. J. Pérez Almiroty* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On August 26, 1960 the plaintiff filed a complaint against defendant E. M. Amy & Sons, Inc., alleging that on August 16, 1955 he had purchased from the defendant iron fittings for wall partitions, the latter binding itself to make delivery thereof within the term of 90 days; that in violation of the contract the defendant delivered said iron fittings in March 1956; that the fittings were purchased to be used in the Community Center of the San José Housing, a project of the Puerto Rico Housing Authority which was being constructed by plaintiff; that due to the delay in the delivery of the material on the part of the defendant, the plaintiff was unable to deliver said community center within the term stipulated for its construction in the contract with the Housing Authority and for said reason he suffered the following damages: (1) Because of the delay in the delivery of the work he was imposed a fine of $3,650; (2) Expenses of watchman for said delay, $1,600; (3) Because of said delay in the delivery the

Authority withheld the liquidation of the project, plaintiff being unable to pay his creditors according to his obligations, which gave cause for the attachment of his property causing him damages by reason of said inconveniences, mental anguish and loss of credit for the amount of $100,000.

The defendant filed a motion to dismiss said complaint alleging therein that it did not state facts sufficient to warrant the granting of a remedy and that the cause of action exercised had prescribed, pursuant to the provisions of § 1868, subd. 2 of the Civil Code of Puerto Rico, 1930 ed.

On October 27, 1960 the trial court rendered judgment dismissing the complaint on the basis of the following Order disposing of the motion to dismiss:

"At the hearing of the motion to dismiss only defendant appeared. The action sought to be exercised by plaintiff has prescribed, either in the light of § 948 of the Code of Commerce (10 L.P.R.A. 1910), or under § 1868 of the Civil Code (31 L.P.R.A. 5298)."

We decided to review said judgment. The only problem to be considered is whether this action has prescribed pursuant to some legal term of extinctive prescription thereof, since no other elements of fact have been presented in this suit.

We assume and accept, without it being necessary that we decide it now categorically in disposing of this case, that this could be a mercantile sale. Since it is not indispensable for the decision of this case, we shall not enter into the disputed and complex problem, more difficult than what it appears to be, according to the doctrine, of determining when a sale is mercantile and when it is civil, particularly, since it could be a case of a transaction "unilaterally mercantile," thus recognized, mercantile for one of the contracting parties and civil for the other. See § § 243 and 244 of the Code of Commerce, 1932 ed.[1]

---

[1] The disputed facts of the problem of the mercantile or civil sale is clearly analyzed and set forth by Professor EMILIO LANGLE Y RUBIO of Granada, with ample opinions of other textwriters and authorities, in III

■ Assuming that it is a mercantile sale, let us turn to the problem. Section 92 of the Code does not recognize any term of grace for the performance of a mercantile obligation except that stipulated in the contract or provided by law; and § 94 provides that *delay* in the compliance of mercantile obligations shall begin in contracts in which a day is fixed for compliance therewith, *by the will of the parties*, or by law, on the day following the one on which they fall due. In accordance with the preceding provisions, § 247 provides that if the vendor does not deliver the goods sold at the time stipulated, the purchaser may request the fulfilment or the rescission of the contract with damages in either case, for the loss he may have suffered by reason of the delay.[2] If it were understood that under this section the plaintiff would have no cause of action, he would have it under the provisions of the Civil Code, by virtue of the provisions of § 2 of the Code of Commerce—"Commercial transactions, be they consummated by merchants or not, whether they are specified in this Code or not, shall be governed by the provisions contained in the same; *in the absence of such provisions*, by the commercial customs... and in the absence of both, by those of the common law"; and by the provisions of § 12 of the Civil Code —"In matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of this Code."

Section 1350 of the Civil Code provides that the vendor *is bound* to deliver the thing which is the object of the sale, and § 1054 provides that those who in fulfilling their obliga-

---

*Manual de Derecho Mercantil Español* 127-152 (1959). And see: I Gon-zález de Echávarri, *Comentarios al Código de Comercio* 244-260 (3d ed.); Vol. III, pp. 435-439; II Antonio Polo, *Leyes Mercantiles y Económicas* 1386-1440; II Lorenzo Benito, *Manual de Derecho Mercantil* 279-320 (3d ed.).

[2] In this case the plaintiff did not sue for the specific performance after the delay and before the delivery, but apparently it would not preclude the action for damages, pursuant to the Judgment of the Supreme Court of Spain of June 2, 1927.

tions are guilty of fraud, negligence, or *delay*, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject *to indemnify* for the losses and damages caused thereby. See: *R. R. Pesquera & Co.* v. *Marí Brothers*, 23 P.R.R. 592, in which we held that this section is applicable to a civil as well as to a mercantile transaction. *Cf. Miranda* v. *Fiol*, 18 P.R.R. 65; *Hoffman* v. *Cuadrado*, 14 P.R.R. 573. Section 1053(2) is likewise applicable.

■■ It being clear that plaintiff has a right of action to request damages for the nonperformance of the contract and the delay in the delivery of the iron fittings, whether it is considered that § 247 of the Code of Commerce is applicable or the supplementary rules of the Civil Code, we must now determine whether the action herein has prescribed. The trial court applied in the alternative § 948 of the Code of Commerce under the title referring to mercantile prescriptions, and § 1868 of the Civil Code. With respect to the former, we would have liked to have the benefit of the opinion of the trial court as to the application of that section inasmuch as it provides for the prescription of one year for the actions "arising from services, works, provisions, and furnishing of goods or money *for the construction, repair, equipment, or provisioning of vessels, or to support the crew*," to be counted from the delivery of the goods and money, or from the period stipulated for their payment, and from the time the services or labor were rendered, if they should not have been engaged for a definite period or *voyage*. (Italics ours.) If this should be the case, prescription would be counted from the end *of the voyage* or from the date of the contract referring thereto, and should there be any interruption therein, from the time of the definite conclusion of the service. Subdivision (2) of the same section provides for the same prescription of one year for the action relating "to the delivery of the cargo *in maritime or land transportation* or to indemnify for delays and damages

suffered by the goods transported," the period of prescription being counted from the day of the delivery of the cargo or from the day on which it should have been delivered; and subdivision (3) deals on actions for "expenses of the judicial sale of vessels, cargoes, or goods, transported by sea or by land," as well as expenses arising from their custody, deposit, and preservation, and the navigation and port expenses, pilotage, rescues, assistance and salvages, the period to be counted from the time the expenses were incurred and the assistance given or from the conclusion of the proceedings if any should have been instituted on the case. By its own language this section becomes inapplicable to situations outside of its own context. In none of the authorities we have examined we have found any opinion which permits this section to be extended to the transaction as the one involved herein.

 There is no provision in the Code of Commerce fixing a prescriptive period for the action authorized under § 247. Assuming the application of this provision, we must then abide by the provisions of § 940 of the same Code: "The actions which by virtue of this Code do not have a fixed period in which they must be brought, shall be governed by the provisions of the common law." It is therefore plain that whether the suit is considered on the basis of a mercantile or of a civil transaction, the problem must necessarily be decided in the light of the provisions of the Civil Code relating to the prescription of actions.

 The trial court relied, in default of § 948 of the Code of Commerce which, as we already said, is not applicable, on § 1868 of the Civil Code. Pursuant to this section, the following prescribe in one year ... (2) actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § *1802*, from the time the aggrieved person had knowledge thereof.

Section 1802 deals with the Aquilian or *extracontractual* fault, of the Spanish quasi-offense. See § 1046. Our decisions have already an axiomatic tenor, as well as the doctrine, in the sense that liability which arises from the fault or negligence mentioned in this § 1802 does not allow contractual antecedent. Since the action filed herein stemmed from the nonperformance of the contractual obligation, it does not arise by virtue of § 1802, and therefore the prescription of one year fixed by § 1868 for the actions under said section is not applicable. It would be tedious to cite our decisions to that effect. Likewise, we have determined that the actions for damages arising from a previous contractual relation do not have a fixed term of prescription, for which reason the general prescription of fifteen years fixed by § 1864 of the Civil Code is applicable thereto. Whatever the appropriate moment for the running of this term, it is obvious that the action in this case, filed 5 years after the contract, has not prescribed.

The judgment appealed from will be reversed and the record remanded to the trial court to continue the proceedings until a final decision on the merits of the case, or to make any other pronouncement compatible with this opinion.

